United States District Court
Southern District of Texas
ENTERED
August 04, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOOTH FAMILY TRUST, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BAKER HUGHES INCORPORATED, MARTIN S. CRAIGHEAD, GREGORY D. BRENNAN, CLARENCE P. CAZLOT, JR., WILLIAM H. EASTER III, LYNN L. ELSENANS, ANTHONY G. FERNANCDES, CLAIRE W. GARGALLI, PIERRE H. JUNGELS, JAMES A. LASH, J. LARRY NICHOLS, JAMES W. STEWART, and CHARLES L. WATSON,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:17-cv-01457 |

**STIPULATION TO DISMISS ACTION AS MOOT AND RETAINING JURISDICTION TO DETERMINE PLAINTIFF'S COUNSEL'S ANTICIPATED APPLICATION FOR FEES AND EXPENSES**

Plaintiff Booth Family Trust ("Plaintiff") and Defendants Baker Hughes Incorporated ("Baker Hughes" or the "Company"), Martin S. Craighead, Gregory D. Brennan, Clarence P. Cazlot, Jr., William H. Easter III, Lynn L. Elsenans, Anthony G. Fernancdes, Claire W. Gargalli, Pierre H. Jungels, James A. Lash, J. Larry Nichols, James W. Stewart, and Charles L. Watson, (collectively, the "Board" or the "Individual Defendants," together with Baker Hughes, "Defendants") by and through their respective counsel of record, hereby stipulate and agree as follows:

**WHEREAS**, on October 31, 2016, Baker Hughes and General Electric Company ("GE") issued a press release announcing that they had entered into a Transaction Agreement and Plan of Merger to combine GE's oil and gas business ("GE O&G") with the Company, an agreement which was amended on March 27, 2017 (the "Merger Agreement");

**WHEREAS**, pursuant to the terms of the Merger Agreement, (i) Baker Hughes will merge with Bear Merger Sub 2, Inc. ("Merger Sub 2"), with Baker Hughes surviving the merger as a direct wholly owned subsidiary of BHI Newco, Inc. ("Newco 2") (the "First Merger"); (ii) the surviving corporation of the First Merger (Baker Hughes) will be converted into Newco LLC (the "Conversion"); (iii) Newco 2 will merge with and into Bear Newco, Inc. ("New Baker Hughes"), with New Baker Hughes as the surviving entity (the "Second Merger" and collectively with the First Merger, the "Mergers"); and (iv) following the Mergers and the Conversion, GE will transfer to Newco LLC in exchange for approximately 62.5% of the membership interests in Newco LLC, (1) all of the equity interests of the GE O&G holding companies that will hold directly or indirectly all of the assets and liabilities of GE O&G, including any GE O&G operating subsidiaries, and (2) $7.4 billion in cash (the "Proposed Transaction").

**WHEREAS**, on or around March 29, 2017, Baker Hughes, through its new merger-related entity Bear Newco, Inc., filed a preliminary registration statement on Form S-4 with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction ("Preliminary Proxy");

**WHEREAS**, on May 10, 2017, Plaintiff filed a putative class action complaint in this District against Defendants, *Booth Family Trust v. Baker Hughes Incorporated et al.*, C.A. No. 4:17-cv-01457, alleging, *inter alia*, that the Preliminary Proxy and subsequent amendments contained what Plaintiff believes to be material disclosure deficiencies in violation of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Action");

**WHEREAS**, on or around May 30, 2017, Baker Hughes, through its new merger-related entity Bear Newco, Inc., filed a definitive proxy statement with the SEC in connection with the Proposed Transaction (the "Definitive Proxy") which, among other things, set June 30, 2017, as the date on which Baker Hughes stockholders will vote in connection with the Proposed Transaction (the "Stockholder Vote");

**WHEREAS**, on or around June 2, 2017, Plaintiff's counsel sent a letter to counsel for Defendants identifying alleged disclosure deficiencies in the Definitive Proxy and demanding

that the disclosure deficiencies be cured sufficiently in advance of the Stockholder Vote (the "Demand Letter");

**WHEREAS**, following the filing of the Action and the transmission of the Demand Letter, the parties engaged in arm's length negotiations to attempt to resolve the claims raised therein;

**WHEREAS**, on or about June 21, 2017, the parties agreed on certain disclosures to be included in a Form 8-K filed with the SEC, which supplemented the disclosures set forth in the Definitive Proxy (the "Supplemental Disclosures") and that Plaintiff believes addressed and mooted claims alleged in the Action;

**WHEREAS**, the 8-K containing the Supplemental Disclosures was filed with the SEC on June 22, 2017;

**WHEREAS**, Plaintiff agrees that, as a result of the filing of the Supplemental Disclosures, the claims in the Actions have become moot, and that any remaining claims are so unlikely to be successful as to warrant dismissal;

**WHEREAS**, Plaintiff asserts that the prosecution of the Action caused Baker Hughes to issue the Supplemental Disclosures, that the Supplemental Disclosures created a substantial benefit for Baker Hughes stockholders, and that Plaintiff's counsel may assert a claim for attorneys' fees and expenses in connection with the filing of the Supplemental Disclosures;

**WHEREAS**, in connection with the settlement negotiations, counsel for the parties did not discuss the amount of any potential application by Plaintiff's Counsel for attorneys' fees and expenses;

**WHEREAS**, Plaintiff's counsel have informed Defendants that if their claim for fees and expenses cannot be resolved through negotiations between counsel for Plaintiff and Defendants, Plaintiff intends to petition the Court for such fees and expenses (the "Fee and Expense Application");

**WHEREAS**, Defendants deny any and all allegations of wrongdoing, fault, liability, or damage to Plaintiff or any Baker Hughes stockholder, deny that they engaged in any wrongdoing or violation of law, deny that the public disclosures were in any way deficient, believe the Action has no merit, and are entering into this Stipulation solely because they consider it desirable that the Action be dismissed as set forth below in order to, among other things, eliminate the burden, inconvenience, expense, risk, and distraction of further litigation;

**WHEREAS**, by entering into this Stipulation, Defendants do not admit that the Supplemental Disclosures were material, that they were required disclosures, or that any claim in the Complaint is or was meritorious, and reserve the right to oppose, in whole or in part, any potential Fee and Expense Application;

**WHEREAS**, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or its attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any attorneys' fees and expenses;

**WHEREAS**, Plaintiff's counsel seeks to dismiss the Action with prejudice as to Plaintiff and without prejudice as to unnamed members of the purported class;

**WHEREAS**, the parties intend to meet and confer concerning the appropriate amount of attorneys' fees and expenses to be paid to Plaintiff's counsel, and, if the parties are unable to reach an agreement, the parties respectfully request that this Court retain jurisdiction over the prospective Fee and Expense Application; and

**WHEREAS**, no class has been certified in the Action.

**NOW, THEREFORE,** Plaintiff and Defendants hereby stipulate and agree, subject to the approval of the Court, as follows:

1. Plaintiff hereby voluntarily dismisses the Action, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1), and the action shall be so dismissed. The dismissal is as to the named Plaintiff Booth Family Trust only and has no effect upon the absent members of the alleged class.

2. Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a putative class, and no class has been certified, notice of this dismissal is not required.

3. This Court shall retain continuing jurisdiction over the parties solely for purposes of adjudicating Plaintiff's counsel's Fee and Expense Application, should such an application become necessary.

4. This Stipulation and entry of this Order is without prejudice to and shall not waive any right, position, claim, defense or argument any party may assert with respect to any Fee and Expense Application, which includes Defendants' right to oppose the Fee and Expense Application if such an application is filed.

5. To the extent that the parties are unable to reach an agreement concerning Plaintiff's claim for attorneys' fees and expenses, the parties in good faith will seek to agree to a briefing schedule on Plaintiff's Fee and Expense Application, and seek a ruling from the Court on any such Fee and Expense Application following the completion of the parties' briefing.

**IT IS SO STIPULATED.**

DATED: July 5, 2017.

*/s/ Thomas E. Bilek*

Thomas E. Bilek
TX Bar No. 02313525 / SDTX Bar No. 9338
**THE BILEK LAW FIRM, L.L.P.**
700 Louisiana, Suite 3950
Houston, TX 77002
(713) 227-7720

*Attorneys for Plaintiff*

**OF COUNSEL:**

Richard A. Acocelli
Michael A. Rogovin
Kelly C. Keenan
**WEISSLAW LLP**
1500 Broadway, 16th Floor
New York, NY 10036
T: 212.682.3025
F: 212.682.3010

*/s/ Samuel Cooper*
Samuel Cooper
TX Bar No. 00792427 / SDTX No. 19954
Christie Mathis
TX Bar No. 24070226 / SDTX No. 1113068
**PAUL HASTINGS LLP**
600 Travis Street, 58th Floor
Houston, TX 77002
T: 713.860.7300
F: 713.353.3100
samuelcooper@paulhastings.com
christiemathis@paulhastings.com

*Attorneys for Defendants*

**IT IS SO ORDERED.**

SIGNED the AUG 03 2017 ~~day of July, 2017~~, at Houston, Texas.

ALFRED H. BENNETT
United States District Judge